**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 9, 2012

Lyle W. Cayce
Clerk

No. 12-10648

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OCTAVIA ANDERSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CR-59-1

Before STEWART, Chief Judge, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Octavia Anderson ("Anderson") appeals her jury conviction and resulting ten month sentence for possessing and uttering a forged or counterfeited security in violation of 18 U.S.C. § 513(a). Anderson asserts that the government constructively amended her superseding indictment, and that the evidence was insufficient to support the jury's verdict. She further claims that the district court erred in imposing a two-level obstruction-of-justice enhancement pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10648

to U.S.S.G. § 3C1.1 for her failure to appear at her rearraignment hearing.  We AFFIRM.

We review Anderson's constructive amendment claim *de novo*.  *United States v. Thompson*, 647 F.3d 180, 183 (5th Cir. 2011).  Our review of her insufficiency-of-the-evidence claim is "highly deferential to the jury verdict." *United States v. Elashyi*, 554 F.3d 480, 491 (5th Cir. 2008) (internal quotations omitted).  We reverse only if "the evidence, when reviewed in the light most favorable to the government, would not allow a rational fact finder to find every element of the offense beyond a reasonable doubt." *Id*. at 492.

Under § 513(a), it is a crime to "(1) make, utter or possess (2) a counterfeit security (3) of an organization (4) with intent to deceive (5) another person, organization, or government." *United States v. Reasor*, 418 F.3d 466, 468 (5th Cir. 2005).  For the purposes of § 513(a), "organization" includes "a legal entity, other than a government, established or organized for any purpose, and includes . . . [an] association of persons which operates in or the activities of which affect interstate or foreign commerce."  § 513(c)(4).  Anderson's superseding indictment stated:

> On or about April 20, 2011, in the Lubbock Division of the Northern District of Texas, and elsewhere, Octavia Anderson, defendant, did possess and utter, forged and counterfeited securities of an organization, as that term is defined in Title 18, United States Code, Section 513(c)(4), with the intent to deceive another person and organization, *to wit: a check, numbered 1159, on the account of "Lee Land & Cattle,"* in the amount of $12,153.98, made payable to Norma Veretto, endorsed by Betty Lee.

Anderson relies on *Reasor*, and argues that this language constrained the government to prove the "organization" element through evidence that Lee Land & Cattle was the organization at issue, and that the government constructively

No. 11-10648

amended the superseding indictment by offering evidence that Citizens Bank was the organization at issue.

We disagree.  Anderson's superseding indictment states the elements of § 513(a) in general terms.  The only reference to Lee Land & Cattle in the superseding indictment appears in a list of items that describe the check itself.  The term "organization" and Lee Land & Cattle also appear in entirely separate clauses of the sentence.  Therefore, there is no indication from this language, or any other language in the superseding indictment, that Lee Land & Cattle served to describe the organization at issue.

Anderson's reliance on *Reasor* is also misplaced.  Unlike Anderson's superceding indictment, the *Reasor* indictment did not state the elements of § 513(a) in general terms.  418 F.3d at 469–70.  In the *Reasor* indictment, the term "organization" and the name of the disputed organization also appeared in the same clause of the sentence, which did not include a list of descriptive terms of the particular security at issue.  *Id.*  Rather, Anderson's superseding indictment is identical to the indictment at issue in *United States v. Wade*, 266 F.3d 574 (6th Cir. 2001), a case that the *Reasor* court explicitly distinguished because the indictment used "broad general terms similar to the provisions of § 513(a)."  *Id.* at 476.

Accordingly, the government was permitted to prove the "organization" element through evidence involving Citizens Bank.  Because Anderson does not dispute that the forged check belonged to Citizens Bank, or that Citizens Bank engaged in interstate commerce, the evidence is sufficient to support the jury's verdict.

We also conclude that the obstruction-of-justice enhancement under § 3C1.1 was proper.  We generally review a district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error.  *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir.

3

No. 11-10648

2008).  "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted). The commentary to § 3C1.1 provides a non-exhaustive list of conduct to which the obstruction-of-justice enhancement applies, including "willfully failing to appear, as ordered, for a judicial proceeding." § 3C1.1, cmt. n.4(E). Anderson argues that she was not "ordered" to appear for the rearraignment hearing that she missed. Anderson's pre-trial release order, however, stated explicitly that she must "appear in court as required." Anderson was fully aware of her scheduled rearraignment hearing, and her presence for it was "required" considering that its purpose was to accept her own guilty plea.

Therefore, Anderson's conviction and sentence are AFFIRMED. The Government's Motion to Supplement the Appellate Record With a Sealed Grand Jury Transcript is DENIED.